# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| J. LLOYD INTERNATIONAL, INC., | |
| Plaintiff, | No. 15-CV-74-LRR |
| vs. | **ORDER** |
| SUPER WINGS INTERNATIONAL, LTD., | |
| Defendant. | |

_____

### *TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*    *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*    *FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

     *A.*    *Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
     *B.*    *Overview of the Dispute* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*    *MOTION TO DISMISS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

     *A.*    *Subject Matter Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
     *B.*    *Personal Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
     *C.*    *Failure to State a Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
         *1.*    *Res judicata* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
         *2.*    *Judicial estoppel* . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*
     *D.*    *Venue* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

*V.*    *MOTION FOR ALTERNATIVE SERVICE* . . . . . . . . . . . . . . . . . . . . . *16*

*VI.*    *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16*

### *I.  INTRODUCTION*

The matters before the court are Defendant Super Wings International, Ltd.'s ("SWI") "Motion to Dismiss or to Quash Service" ("SWI Motion") (docket no. 9) and Plaintiff J. Lloyd International, Inc.'s ("JLI") "Motion for Alternative Service of Summons

and Complaint on Defendant" ("JLI Motion") (docket no. 16) (collectively, "Motions").
On February 2, 2016, the court held a telephonic hearing and heard argument on the
Motions. *See* February 2, 2016 Minute Entry (docket no. 26). The matter is fully
submitted and ready for decision.

## II. PROCEDURAL HISTORY

On August 13, 2015, JLI filed a Complaint (docket no. 2). The Complaint contains
two counts. Count I alleges that SWI breached a contract by refusing to release tooling and
molds to JLI. Count II alleges that SWI's actions constitute conversion of the tooling and
molds. On September 4, 2015, SWI filed the SWI Motion. On September 28, 2015, JLI
filed a Resistance to the SWI Motion ("JLI Resistance") (docket no. 15). On October 1,
JLI filed the JLI Motion. On October 8, 2015, SWI filed a Reply to the SWI Motion
("SWI Reply") (docket no. 17). On October 19, 2015, SWI filed a Resistance to the JLI
Motion ("SWI Resistance") (docket no. 18). On October 26, 2015, JLI filed a Reply to the
JLI Motion ("JLI Reply") (docket no. 19).

## III. FACTUAL BACKGROUND[1]

Viewed in the light most favorable to Plaintiffs, the facts are as follows:

### A. Parties

JLI is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.
SWI is a corporation organized under the laws of Hong Kong, China.

### B. Overview of the Dispute

JLI and SWI entered into an Agreement (docket no. 2-2) dated December 30, 2008.
The Agreement provides that certain molds and tooling in the possession of SWI are the
property of JLI. The Agreement provides that SWI will "release the molds and tooling to

---

[1] The court draws its factual background from the Complaint and "materials that are
'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d
1077, 1079 (8th Cir. 1999) (quoting *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967
F. Supp. 1148, 1152 (D. Minn. 1997)).

a party authorized by [JLI] to receive same" and that SWI releases all interest in the molds and tooling "in consideration of" promissory notes signed by Tim Yip, an owner of SWI, and Jody Keener, the founder of JLI. Complaint ¶¶ 9-10. After entering into the Agreement, the parties became involved in various litigation, summarized as follows:

In August 2009, a dispute developed between the parties and SWI filed an action against Keener in this court to recover payment of Keener's debt. *See Super Wings Int'l, Ltd. v. Keener*, 09-CV-115-JSS (N.D. Iowa 2009) [hereinafter *First Action*]. JLI intervened in that action. *See First Action*, ECF No. 20. Chief Magistrate Judge Jon S. Scoles granted judgment in favor of SWI and dismissed JLI's petition of intervention, stating that there was no evidence that "JLI provided [SWI] with a list of specific molds and tooling to be released" and that he could not, therefore, "find that [SWI] has refused to release the molds and tooling, as required by the Agreement." *First Action*, ECF No. 69, at 22. Judge Scoles noted that JLI "may still pick up the molds and tooling by providing [SWI] with notice of the specific molds and tooling to be released, and the party authorized to receive the same." Complaint ¶ 15 (quoting *First Action*, ECF No. 69, at 24).

In 2010, JLI filed an action against SWI, alleging that SWI manufactured defective molds and tooling and that SWI falsified documents regarding the inspection of manufactured toys. *See J. Lloyd Int'l, Inc. v. Super Wings Int'l, Ltd.*, 10-CV-83-LRR (N.D. Iowa 2010) [hereinafter *Second Action*]. The court dismissed the Second Action due to JLI's failure to adequately plead subject matter jurisdiction. *See Second Action*, ECF No. 13. In 2011, Keener sued his company, JLI, and obtained a default judgment against JLI in the Iowa District Court for Linn County, No. LACV071352. On July 30, 2013, SWI filed an involuntary Chapter 7 bankruptcy petition against Keener in the United States Bankruptcy Court for the Northern District of Iowa. *See* Complaint ¶ 21. On March 31, 2014, JLI "executed a [g]eneral [a]ssignment of 'all right, title and interest of Assignor, in, to all tooling located in China currently in the custody of [SWI]' in favor of Keener, in

exchange for a partial satisfaction of judgment." *Id.* ¶ 22. On July 28, 2014, JLI filed a Chapter 11 petition for relief in the United States Bankruptcy Court for the Northern District of Iowa. SWI filed a motion to dismiss in that action, challenging JLI's assignment of the molds and tooling to Keener as a violation of the automatic stay in place during bankruptcy proceedings. Chief Bankruptcy Judge Thad Collins found that Keener "had failed to demonstrate that the [a]ssignment was not 'improperly or collusively made'" and that, therefore, his cause of action fell outside the limits of federal bankruptcy jurisdiction. In re *Keener*, 14-4469, 2015 WL 5118691, at *5 (Bankr. N.D. Iowa 2015). However, Judge Collins did not make any ruling on the validity of the assignment itself.

In the Complaint, JLI alleges that SWI has demanded several rent payments for storage of the molds and tooling. JLI also alleges that SWI "made several demands . . . that had to be met for [JLI] to be able to have its designee retrieve the tooling and molds and each time [JLI] agreed to [SWI's] demand," but SWI would then prevent JLI from retrieving the materials. Complaint ¶ 20. JLI alleges that it has made efforts to retrieve the molds and tooling, and attached to the Complaint various e-mails between the parties to demonstrate such efforts. *See* Exhibits 2-9 (docket nos. 3-10).

## IV.  MOTION TO DISMISS

SWI argues that the court should grant the SWI Motion for the following reasons: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) failure to state a claim upon which relief can be granted; and (4) improper venue.[2] SWI Motion at 1. JLI argues that dismissal is not warranted on any of those grounds. *See* JLI Resistance at 1. The court will address each argument in turn.

---

[2] SWI also argued that the court should grant the SWI Motion based on insufficient service of process. However, on January 29, 2016, JLI filed an Affirmation of Service (docket no. 25) and the parties confirmed at the hearing that dismissal on the grounds of insufficient service is no longer warranted. Accordingly, the court shall not address this issue.

## A. *Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can either attack the complaint's assertion of jurisdiction on its face or it can attack the factual basis underlying the court's jurisdiction. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, the factual allegations concerning jurisdiction are presumed to be true, and the motion will fail unless the plaintiff fails to allege some element necessary to invoke the court's jurisdiction. *Branson Label*, 793 F.3d at 914. "Accordingly, 'the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

Under a factual attack, "the trial court may proceed as it never could under 12(b)(6)." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Where a party attacks the very facts underpinning the court's jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations" and the court may undertake an independent evaluation of those disputed facts. *Id.* (quoting *Mortensen*, 549 F.2d at 891). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Mortensen*, 549 F.2d at 891). Therefore, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus*, 4 F.3d at 593.

SWI argues that the court should grant the SWI Motion because "JLI has failed to allege diversity of citizenship." Brief in Support of the SWI Motion (docket no. 9-4) at 9.

Therefore, this is a facial attack on the Complaint and the court will "restrict itself to the face of the pleadings" and accept all of the factual allegations in the complaint as true. *See Branson Label*, 793 F.3d at 914 (quoting *Osborn*, 918 F.2d at 729 n.6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss [the court] must take all of the factual allegations in the complaint as true.").

The Complaint alleges that the court has subject matter jurisdiction based on diversity of citizenship. Complaint ¶ 2. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a) (formatting omitted). Furthermore, "a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). The court notes that in the *Second Action*, the reason for dismissing based on lack of subject matter jurisdiction was JLI's failure to allege the amount in controversy. *See Second Action*, ECF No. 13, at 2-3.

Here, the issue is whether JLI sufficiently stated SWI's citizenship for purposes of establishing subject matter jurisdiction. "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982)). The Complaint alleges that JLI "is a corporation organized under the laws of the State of Iowa with its principal place of business located in Cedar Rapids, Linn County, Iowa" and SWI "is a corporation organized under the laws of Hong Kong, China." Complaint ¶¶ 4-5. The Complaint then states that SWI "is based in Hong Kong." *Id.* ¶ 6. A corporation's

6

"'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," or, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Based on the allegations in the Complaint, the court finds that JLI adequately alleged subject matter jurisdiction. The Complaint states where SWI is organized and where it is "based." *See* Complaint ¶ 6. Although the Complaint does not use the term "principal place of business," the court finds that the Complaint sufficiently alleges citizenship of the parties for the purpose of determining diversity jurisdiction.[3] Accordingly, the court shall deny the SWI Motion to the extent it argues that the Complaint fails to allege diversity of citizenship.

### B. Personal Jurisdiction

SWI argues that "JLI fails to state sufficient facts in its Complaint to support . . . a 'reasonable inference' that [SWI] can be subjected to [personal] jurisdiction in Iowa." Brief in Support of SWI Motion at 10. SWI argues that "JLI fails to make sufficient factual allegations regarding [SWI's] alleged minimum contacts to support [the] [c]ourt's exercise of specific and/or general personal jurisdiction." *Id*. at 12.

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *See id*. (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992)). The court examines the facts and resolves all factual conflicts in the light most favorable to the nonmoving party. *See id*. at 646-47. However, although "the plaintiff[] bear[s] the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing."

---

[3] The court notes that SWI does not argue that Hong Kong is not, in fact, SWI's principal place of business, only that the Complaint does not adequately plead that fact.

*Id.* at 647.

There are two requirements for determining whether personal jurisdiction exists: (1) "whether the forum state's long-arm statute confers jurisdiction over the non-resident defendant" and (2) "whether the exercise of personal jurisdiction over the non-resident defendant comports with due process." *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir. 1987). Iowa's long-arm statute extends jurisdiction over nonresidents "to the widest due process parameters allowed by the United States Constitution." *Wells Diary Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Hammond v. Fla. Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005)); *see also* Iowa R. Civ. P. 1.306. Therefore the court's "inquiry is limited to whether the exercise of personal jurisdiction comports with due process." *Id.* at 518.

"Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Id.* (citing *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court here." *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)) (alteration in original). An "act by which the defendant purposefully avails itself of the privilege of conducting activities" in the forum state will support a finding of reasonable anticipation. *Id.* The Eighth Circuit follows a five-part test to measure a nonresident defendant's contacts with the forum state:

> (1) the nature and quality of the contacts with the forum state;
> (2) the quantity of those contacts; (3) the relation of the cause
> of action to the contacts; (4) the interest of the forum state in
> providing a forum for its residents; and (5) the convenience of
> the parties.

*Id.* (quoting *Bell Paper Box, Inc.*, 22 F.3d at 819).

The Complaint states that "a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and [that] . . . [SWI] is subject to the [c]ourt's personal jurisdiction." Complaint ¶ 3. The Complaint alleges that JLI and SWI entered into an agreement on December 30, 2008 regarding the possession and ownership of molds and tooling for toys. *See id.* ¶¶ 9-10. The parties have been engaged in various litigation in the Northern District of Iowa since that time. *See id.* ¶¶ 11-23. The Agreement entered into by JLI and SWI contains an Iowa choice-of-law provision. Brief in Support of SWI Motion at 12. The Agreement also states that it "shall be deemed to have been entered into and performable in part in Cedar Rapids, Linn County, Iowa." *Id.*

Although a choice-of-law "provision standing alone would be insufficient to confer jurisdiction," a court may consider such a provision in the context of analyzing whether a defendant "purposefully availed himself of the benefits and protections of [the forum state's] laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481 (1985). Here, the language in the Agreement supports a finding of personal jurisdiction. *See* Agreement at 3 ("This Agreement shall be governed by and construed in accordance with the laws of the State of Iowa and shall be deemed to have been entered into and performable in part in Cedar Rapids, Linn County, Iowa."). The parties appear to have anticipated that the contract would be performed in part in Iowa. Furthermore, viewed as a whole, the Complaint alleges sufficient facts regarding SWI's communications with Keener and JLI in Iowa such that it would be reasonable for SWI to anticipate being "haled into court" in this state. And, in fact, the parties have litigated in this forum in the past. Therefore, the court finds that JLI has made a prima facie showing of personal jurisdiction. Accordingly, the court shall deny the SWI Motion with respect to the argument that the court lacks personal jurisdiction.

### C. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

SWI argues that the court should grant the SWI Motion under Rule 12(b)(6) because res judicata and judicial estoppel bar JLI's claims. *See* Brief in Support of SWI Motion at 19-28.

### 1. *Res judicata*

SWI argues that res judicata bars JLI's claim because it "could have sought

10

possession of the tooling and molds in the First and Second Actions but failed to assert its then existing claims." *Id.* at 22. JLI argues that its claim could not have been adjudicated in the prior actions because a proper request to turn over the molds and tooling had not yet been made. *See* JLI Resistance at 16-18.

Res judicata, or claim preclusion, "may be raised in a motion to dismiss when 'the identity of the two actions can be determined from the face of the petition itself.'" *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012) (quoting *Potamitis v. Pittsburgh Plate Glass Co.*, 82 F.3d 472, 473 (8th Cir. 1936)). "[T]he phrase 'face of the complaint . . . include[s] public records and materials embraced by the complaint.'" *Id.* at 764 (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978 (8th Cir. 2008)). "The law of the forum that rendered the first judgment controls the res judicata analysis." *Id.* (quoting *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)). In the Eighth Circuit, whether res judicata bars a claim "in a diversity action is a question of substantive law controlled by state common law." *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (quoting *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir. 1994)). "This rule applies when the original judgment is that of another federal court sitting in diversity." *Id.* (quoting *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir. 1994)). Therefore, the court will apply Iowa law to the instant action to determine if res judicata bars JLI's claims.

Under Iowa law, res judicata "applies only when a party has had a 'full and fair opportunity' to litigate in the first trial.'" *George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868 (Iowa 2009) (quoting *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006)). "A party asserting res judicata must establish the following: (1) 'the parties in the first and second action were the same'; (2) 'the claim in the second suit could have been fully and fairly adjudicated in the prior case'; and (3) 'there was a final judgment on the merits in the first action.'" *Id.* (quoting *Spiker*, 708 N.W.2d at 353) (formatting omitted). Res judicata bars further litigation "not only to matters actually determined in an earlier action but to all

11

relevant matters that could have been determined." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011) (quoting *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998)). "An adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination. Simply put, a party is not entitled to a 'second bite' simply by alleging a new theory of recovery for the same wrong." *Id.* at 836 (quoting *Bennett v. MC #619, Inc.*, 586 N.W.2d 512, 516-17 (Iowa 1998)).

Here, based on the facts of the Complaint and the attached materials, it does not appear that JLI has had a "full and fair opportunity to litigate" its claim. *George*, 762 N.W.2d at 868 (quoting *Spiker*, 708 N.W.2d at 353) (quotation marks omitted). SWI argues that JLI failed to assert its "then existing" claims in the First Action and Second Action. However, in the First Action, Judge Scoles found that there was no evidence to indicate JLI had made the requisite demand for SWI to return the molds and tooling. *See First Action* at 22. The issue in the Second Action was the manufacture of toys and allegedly falsified documents. Although JLI could have made the demand for SWI to return the molds and tooling prior to either of those actions, nothing in the record indicates that it did so. Rather, JLI states that it made demand for return of the tools and molding in 2012, after the Second Action had been dismissed. *See* Complaint ¶¶ 17-20; JLI Resistance at 17-18. Therefore, JLI's claim in this action did not arise until after the First Action and Second Action were complete and could not have been "fully and fairly adjudicated in the prior case." *George*, 762 N.W.2d at 868 (quoting *Spiker*, 708 N.W.2d at 353) (quotation marks omitted). The mere fact that JLI could have made the demand prior to the Second Action does not warrant dismissal. JLI is not attempting to get an impermissible second bite at the apple, and the court does not view res judicata to require parties to preemptively take every action required for every possible cause of action in one proceeding. Accordingly, the court shall deny the SWI Motion with respect to the argument that res judicata bars JLI's claim.

## 2. *Judicial estoppel*

SWI argues that judicial estoppel bars JLI's claims because the allegations in the "Complaint are wholly inconsistent with representations made to Chief Bankruptcy Judge Thad J. Collins in the bankruptcy proceedings." Brief in Support of SWI Motion at 25. JLI argues that the matters at issue for purposes of judicial estoppel are outside the scope of a 12(b)(6) motion and that the court should not consider them at this time.

Eighth Circuit "precedent calls for the application of state law elements of judicial estoppel in diversity cases." *Spencer v. Annett Holdings, Inc.*, 757 F.3d 790, 797 (8th Cir. 2014). "Under Iowa law, judicial estoppel 'prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding.'" *Id.* (quoting *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573 (Iowa 2006)); *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 196 (Iowa 2007) ("[J]udicial estoppel is a 'commonsense doctrine' that 'prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding.'"(quoting *Vennerberg Farms, Inc. v. IGF Ins. Co.*, 405 N.W.2d 810, 814 (Iowa 1987))). Although

> "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quotation marks and formatting omitted), "the fundamental feature of the doctrine is the successful assertion of the inconsistent position in a prior action. Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent, misleading results exists." *Vennerberg Farms*, 405 N.W.2d at 814.

*Tyson Foods, Inc.*, 740 N.W.2d at 196.

On July 30, 2013, SWI filed a bankruptcy action against Keener, pursuant to 11 U.S.C. § 303. On March 31, 2014, JLI executed a general assignment to Keener of "all

right, title and interest . . . to all tooling located in China currently in the custody of" SWI. Complaint ¶ 22. On July 28, 2014, Keener filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On September 29, 2014, SWI filed a motion in the United States Bankruptcy Court for the Northern District of Iowa challenging JLI's March 31, 2014 assignment as a violation of the automatic stay in the July 30, 2013 bankruptcy action. The bankruptcy court dismissed the action without deciding whether the assignment itself was valid, stating that Keener "brought the property into the bankruptcy solely to protect it with the automatic stay," which violated 28 U.S.C. § 1359.

SWI argues that the court should find that it is estopped from deciding this action due to Keener's representations to the bankruptcy court regarding the assignment of the molds and tooling. SWI argues that JLI's statement that the "assignment from [JLI] to Keener did not assign the intellectual property rights associated with the tooling and molds, including trademarks for toys to be made with those tooling and molds" is in direct conflict "with the clear language of the Assignment as set forth in the Complaint." Brief in Support of SWI Motion at 26 (quoting Complaint ¶ 26). However, the court finds that judicial estoppel, as defined under Iowa law, does not apply in the instant action. The bankruptcy action was not dismissed because the bankruptcy court relied in any way on the legal validity or scope of the assignment of the molds and tooling. Rather, the bankruptcy court found that Keener failed to demonstrate that the assignment was valid for purposes of bankruptcy jurisdiction. Therefore, there has not been judicial acceptance of the inconsistent position, such that a decision in the instant action would risk resulting in an inconsistent, misleading position. *See Tyson Foods, Inc.*, 740 N.W.2d at 196. Accordingly, the court shall deny the SWI Motion to the extent it argues the court should find judicial estoppel prevents it from hearing the instant action.

### D. Venue

SWI argues that the court should grant the SWI Motion because "JLI fails to allege

sufficient facts to support venue in" the Northern District of Iowa. Brief in Support of SWI Motion at 28-29. JLI argues that venue is proper "because this [c]ourt has personal jurisdiction over [SWI] . . . [and] because a substantial part of the events or omissions giving rise to this claim occurred in" the Northern District of Iowa. JLI Resistance at 20-21. Additionally, JLI argues that the allegations in the Complaint "are largely based on [SWI's] actions contrary to a court order in [the Northern District of Iowa], which supports a finding of venue . . . ." *Id.* at 21.

Venue is proper pursuant to 28 U.S.C. § 1391 in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or, "if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. 1391. "One of the central purposes of statutory venue is to ensure that a defendant is not 'haled into a remote district having no real relationship to the dispute.'" *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). The Eighth Circuit has found that a court order from a different case that is related to a party's action can be an event that gives rise to venue. *See Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (finding that a bankruptcy court order gave rise to a plaintiff's district court action for purposes of establishing venue). Although the Eighth Circuit has not explicitly ruled on the issue, it appears that once a defendant challenges venue in a pre-answer motion, the burden of proof is on the plaintiff to sustain venue. *See Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963) (stating that a district court did not err in holding that a plaintiff-appellant had the burden of establishing venue, but deciding the case on other grounds); *see also Beckley v. Auto Profit Masters, L.L.C.*, 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) ("Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon

the plaintiff to sustain venue."). *But see Cooper v. Dep't of Army*, No. 4:13CV3086, 2013 WL 6631618, at \*4 (D. Neb. Dec. 17, 2013) (unpublished decision) (finding that, despite other district courts' interpretation of Eighth Circuit precedent, "the defendant bears the burden of establishing facts showing improper venue").

SWI argues that venue is improper in this court because the tooling and molds are stored in Hong Kong or China, not Iowa; the tooling and molds are to be released in China, not Iowa; efforts to retrieve the tooling and molds occurred in China; and manufacturing of the tooling and molds took place in China. *See* Brief in Support of SWI Motion at 28. However, the court finds that venue is appropriate in this district. Although the materials are stored abroad and are to be released abroad, there is still a "substantial connection" to this forum. *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (stating that courts "do not ask which district among two or more potential forums in the 'best' venue, rather, [courts] ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts (citing *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994))). Here, the Agreement states that the contract was executed and partially performed in Iowa. Furthermore, the parties have been engaged in related litigation in this venue. Therefore, the court finds that venue is appropriate in this district. Accordingly, the court shall deny the SWI Motion to the extent it seeks dismissal based on improper venue.

## V. MOTION FOR ALTERNATE SERVICE

JLI requests that the court authorize JLI to serve SWI's local counsel. *See* JLI Motion at 2. However, because the court need not address the issue of service of process and the parties now agree that service was sufficient, the court shall deny the JLI Motion as moot.

## VI. CONCLUSION

In light of the foregoing, the SWI Motion (docket no. 9) is **DENIED** and the JLI

Motion (docket no. 16) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED** this 8th day of February, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA