IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| J. LLOYD INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUPER WINGS INTERNATIONAL, LTD., <br><br> Defendant. | No. C15-0074 <br><br> RULING ON MOTIONS TO COMPEL |

On the 27th day of October 2016, this matter came on for hearing on the Motion to Compel (docket number 39) filed by Defendant Super Wings International, Ltd. ("Super Wings") on September 30, 2016, and the Motion to Compel Discovery Responses and Inspection (docket number 40) filed by Plaintiff J. Lloyd International, Inc. ("JLI") on the same day. JLI was represented by its attorneys, Matthew L. Preston and Ann Gronlund. Super Wings was represented by its attorneys, Mark A. Roberts and Dawn Gibson.

## I. BACKGROUND

To fully understand the current dispute, it is necessary to review prior litigation involving the same parties and the same subject matter. On August 18, 2009, Super Wings sued Jody L. Keener, JLI's sole shareholder.[1] Super Wings asked that judgment enter against Keener on a promissory note. Keener argued the promissory note lacked consideration because Super Wings had failed to return certain molds and tooling belonging to JLI. JLI was permitted to intervene, seeking return of the molds and tooling.

Following a trial, the Court concluded Keener failed to prove Super Wings had refused to return the molds and tooling and, therefore, judgment was entered against

---

[1] *Super Wings International, Ltd. v. Jody L. Keener*, No. 1:09-cv-00115-JSS (N.D. Iowa).

Keener on the promissory note. JLI's claim against Super Wings was denied for the same reason. The Court noted parenthetically, however, that "JLI may still obtain the molds and tooling by providing Super Wings with appropriate notice regarding the specific molds and tooling to be released, together with the identification of the party authorized to receive the same."[2] The Court's Judgment was affirmed on appeal.

On August 13, 2015, JLI brought this action, asking that Super Wings "immediately turn over possession of the tooling and molds at issue to the proper designated party," and asking that judgment enter for money damages which will fully compensate JLI. Following an unsuccessful motion to dismiss, Super Wings filed its answer on February 25, 2016. Super Wings asserts, among other things, that "'the tooling and molds at issue' is utterly vague in the context of this dispute."[3] Super Wings generally denies that it has refused to turn over tooling and molds owned by JLI. A jury trial is scheduled before Chief Judge Linda R. Reade on February 13, 2017.

## II. DISCUSSION

The motions to compel filed by the parties focus on the issue of identifying what tools and molding belonging to JLI remain in Super Wings' possession, if any. Both parties apparently agree that the so-called "Exhibit C" molds and tooling should be returned to JLI. JLI claims that it has been requesting the return of that property since at least the time of the Court's ruling in the first action. Super Wings claims it has been asking JLI to pick up the property since *before* the first action. Nonetheless, inexplicably, and despite the involvement of counsel, the property has yet to be exchanged some seven years later.

On December 30, 2008 — prior to the filing of the first lawsuit — Super Wings and JLI executed an "Agreement," purporting to resolve the dispute between the parties.

---

[2] Order for Judgment (docket number 69) at 24.

[3] Super Wings' Answer (docket number 31) at 4, ¶ 13.

2

Keener executed a promissory note in the amount of $2 million, and judgment was subsequently entered on that note in the first lawsuit. In addition, Super Wings agreed to "release" molds and tooling to JLI.

> That for the promises made and in consideration of the above, Super Wings, any and all subsidiaries and other control corporations owned by Super Wings, and Tim Yip, individually, and Wai Har Yip, individually, (collectively known as Super Wings) agree that the molds and tooling as set forth in Exhibit C are the property of J. Lloyd International, Inc., and further acknowledges that said molds and tooling as set forth in Exhibit C are currently in the possession of Super Wings and/or any subsidiary thereof. *Super Wings further acknowledges and agrees it is in possession of other molds and tooling owned by J. Lloyd International, Inc., and not listed in Exhibit C which were owned by J. Lloyd International, Inc., prior to the Toy Zone acquisition.*

Agreement dated December 30, 2008 (Exhibit 1 in case no. 09-cv-0115) (docket number 66-1) (emphasis added).

The principal dispute in the instant action appears to be what "other molds and tooling" were in Super Wings' possession when the parties reached the Agreement on December 30, 2008. The Court found following the trial in the first case that there was "work in progress" on a submarine toy when the parties executed the Agreement. After the work was completed in July 2009, the molds and tooling associated with the toy were shipped to the United States at JLI's request. In addition, at JLI's direction, other molds and tooling in Super Wings' possession were picked up by a representative of Woo Hing. Some molds and tooling were picked up by Woo Hing in March 2009, with a second pick-up in July or August 2009. Nonetheless, Tim Yip admitted at the trial in the first case that Super Wings still had a substantial number of JLI's molds and tooling. In my Order for Judgment, I found the following facts:

> Yip concedes that a substantial number of molds and tooling remain under Super Wings' control. Specifically, the molds and tooling associated with Exhibit C (attached to the

3

>     Agreement) remain in Super Wings' possession or control, together with additional molds and tooling referred to, but not specifically identified, in the Agreement. Keener estimated that there are 15,000 molds or tools remaining in Super Wings' possession, representing 800 different toys. They are located either at one of Yip's factories or in warehouses. According to Yip, the molds and tooling are not being used, and Super Wings has no interest in continuing to store them. Yip testified that he has asked JLI repeatedly to pick them up.

Order for Judgment (case no. 09-cv-0115) (docket number 69) at 6-7.

At the instant hearing, however, Super Wings' attorney advised the Court that other than the Exhibit C molds and tooling, neither Super Wings, Yip, nor any affiliated companies have any molds or tooling relating to toy production. According to Mr. Roberts, Super Wings is no longer in the toy business and is now selling apparel. No explanation was given regarding the whereabouts of the tools and molding which Yip admitted remained in his possession at the time of trial in the first case, but have apparently since disappeared.

As I understand it, Super Wings refuses to provide any additional information regarding the disputed molds and tooling until JLI specifically identifies the property which it is seeking and provides documentation regarding ownership. JLI's attorney advised the Court at the hearing, however, that to his knowledge JLI has produced every document it has regarding its claim for the return of additional molds and tooling. As a practical matter, JLI has no incentive *not* to produce all documents which may support its claim. While JLI's documentation may be insufficient to prove its claim at trial, the perceived deficiencies do not justify Super Wings' refusal to produce any documents or other information it may have on the disputed property.

As I stated at the hearing, both sides have an obligation to produce any information or documentation in their possession regarding the disputed molds and tooling. To that end, JLI must serve Super Wings with an affidavit stating it has produced all documents in its possession which support its claim for the return of the disputed molds and tooling.

4

In addition, Super Wings must provide JLI with an affidavit stating it has no molds or tooling for toys in its possession, or Tim Yip's possession, or any companies affiliated with Super Wings or Yip, other than those identified as Exhibit C molds. If Super Wings swears, under oath, that it has no toy molds or tooling in its possession or under its control, then the Court will not order the inspection requested by JLI. If Super Wings has any toy molds or tooling in its possession or under its control, then it must indicate the location of those molds and tooling and the Court will permit an inspection so that JLI may determine if it claims an ownership in that property.

Furthermore, Super Wings must produce any documents which it has identifying the "other molds and tooling" referred to in the December 30, 2008 Agreement. Apparently, molds and tooling in Yip's possession at the time of trial in the first case are no longer in Yip's or Super Wings' possession. Super Wings and Yip must produce any documents they have regarding the disposition or whereabouts of those tools and molding, and truthfully answer any interrogatories addressed to that issue.

Both parties are advised that the Court will not tolerate any effort to withhold discoverable information. If the Court determines that either party is willfully failing to comply with their obligation to produce discoverable information, then appropriate sanctions will be imposed.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 39) filed by Super Wings and the Motion to Compel (docket number 40) filed by JLI are hereby **GRANTED in part** and **DENIED in part** as set forth above.

DATED this 28th day of October, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA