# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| J. LLOYD INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUPER WINGS INTERNATIONAL, LTD., <br><br> Defendant. | No. 15-CV-74-LRR <br><br> **ORDER** |
| SUPER WINGS INTERNATIONAL, LTD., <br><br> Counter Claimant, <br><br> vs. <br><br> J. LLOYD INTERNATIONAL, INC., <br><br> Counter Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Super Wings International, Ltd.'s ("SWI") "Rule 17 Motion to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest or, in the Alternative, Judgment on the Pleadings as to Count II" ("Motion") (docket no. 50).

## *II. RELEVANT PROCEDURAL HISTORY*

On August 13, 2015, Plaintiff J. Lloyd International, Inc. ("JLI") filed a Complaint (docket no. 2), alleging two claims against SWI: (1) breach of written contract and (2) conversion. On September 4, 2015, SWI filed a Motion to Dismiss (docket no. 9) pursuant to Federal Rule of Civil Procedure 12, which the court denied in an Order (docket no. 28) dated February 8, 2016. On February 25, 2016, SWI filed an Answer

(docket no. 31), denying liability and alleging two counterclaims against JLI: (1) a request for declaratory judgment; (2) breach of contract; (3) breach of implied contract; and (4) unjust enrichment. In the Answer, SWI further raises the affirmative defense that "Plaintiff is not the real party in interest." Answer at 12. On March 21, 2016, JLI filed an Answer to the Counterclaims (docket no. 32). Dispositive motions for the instant case were due on September 16, 2016. *See* Revised Scheduling Order and Discovery Plan (docket no. 29). A jury trial is scheduled to begin on January 16, 2017. *See* Feb. 2, 2016 Order (docket no. 27). In addition to the instant case before the court, the parties have litigated various matters in the bankruptcy proceedings of JLI's founder, Jody Keener. *See* In re *Jody L. Keener*, Bankr. No. 14-01169 (Bankr. N.D. Iowa 2014); *Keener v. Super Wings Int'l, Ltd.* (In re *Jody L. Keener*), Bankr. No. 14-01169, Adversary No. 14-09061 (Bankr. N.D. Iowa 2014).

On November 15, 2016, SWI filed the Motion. On December 2, 2016, JLI filed a Resistance (docket no. 52). Neither party requests oral argument and the court finds that oral argument is unnecessary. The court finds it unnecessary to await a reply brief prior to ruling on the Motion. *See* LR 7(g) ("[T]he court may elect to rule on a motion without waiting for a reply brief.").

### III. ANALYSIS

In the Motion, SWI argues that the Complaint must be dismissed due to JLI's "failure to prosecute in the name of the real party in interest." Motion at 3. Specifically, SWI claims that JLI assigned to Keener "all right, title and interest" in the property at issue in the instant action. *Id.* at 1-2 (quoting Complaint ¶ 22). Because of this purported assignment of rights, SWI argues that Keener—not JLI—is the real party in interest. *Id.* at 2. Assuming that Keener is the real party in interest, SWI further argues that the Complaint must be dismissed because Keener is collaterally estopped from pursuing the instant suit because the underlying assignment of rights was deemed collusive during

2

Keener's bankruptcy proceedings. *Id.*

Initially, the court notes that SWI filed the Motion two months after the dispositive motions deadline and, therefore, the Motion is untimely and shall be denied on that ground. With respect to the merits, the Motion effectively asks the court to find that JLI validly assigned its rights to Keener, such that JLI cannot maintain this action. However, SWI has not produced the instrument in which JLI purportedly assigned its rights to Keener, nor has SWI produced any other evidence weighing on the validity of such assignment. *See T. Zenon Pharms., LLC v. Wellmark, Inc.*, 876 N.W.2d 813, 2015 WL 9450469, at *13 (Ct. App. Iowa 2015) (unpublished table decision) (stating the legal test for establishing a valid assignment). The court recognizes that the Complaint references JLI's assignment of rights to Keener, Complaint ¶ 22, but the Complaint proceeds to acknowledge that the validity of the assignment was an unsettled issue in the associated bankruptcy proceedings and might be deemed invalid, *id.* ¶ 25.[1] In any event, the parties have long since completed discovery and, at this late stage in the proceedings, the court need not accept the allegations in the Complaint as true.

In short, the court finds that the Motion is (1) untimely and (2) devoid of any basis from which the court might determine whether any assignment is valid. Therefore, the court shall deny the Motion with respect to SWI's arguments regarding the real party in interest. *See Sara Lee Corp. v. Homasote Co.*, 719 F. Supp. 417, 427 (D. Md. 1989) (declining to render a ruling as to real party in interest where the factual record is unclear regarding the validity of an assignment). The parties are advised to comply with the

---

[1] In December of 2015, the assignment was in fact deemed invalid in the bankruptcy proceedings. *See* Ruling on Debtor's Motion to Compromise, In re *Jody Keener*, Bankr. No. 14-01169 (docket no. 538) (Bankr. N.D. Iowa Dec. 29, 2015) at 11-15 (chronicling two instances in which the assignment was raised during the bankruptcy proceedings and "conclud[ing] that JLI—not Keener personally—continues to own and assert all rights" in the property underlying this action, despite the purported assignment).

remaining deadlines in this case.

Additionally, because the court denies the Motion with respect to any purported assignment of rights to Keener, the court also denies SWI's request for judgment on the pleadings as to Count 2 of the Complaint. *See* Motion at 2. Such request for judgment on the pleadings relies on SWI's alternative argument that JLI assigned all rights to the disputed property to Keener, except for intellectual property rights. *Id.* For the reasons described above, and in light of the record, the court cannot rule on the validity of such assignment, irrespective of its purported scope. Therefore, the court denies the Motion with respect to SWI's request for judgment on the pleadings as to Count 2.

### *IV. CONCLUSION*

In light of the foregoing, the Motion (docket no. 50) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 6th day of December, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA